## THE SWEDISH BARK ADOLPH.

*(District Court, S. D. New York. November, 1880.)*

1. APPEAL— RELEASING VESSEL FROM ARREST—PRACTICE—ADMIRALTY RULE 11.—On appeal to the circuit court from a decree of the district court dismissing the libel, the claimant of the vessel which was attached on service of the monition is not entitled to have her re-released, or to a bond from the libellants to pay such damages as the claimant may sustain by reason of her detention pending the appeal, in case the libel shall be dismissed in the appellate court. To hold otherwise would be inconsistent with Admiralty Rule 11. Unless the attachment was *mala fide,* or there was gross negligence amounting to bad faith, no damages for her detention caused by such arrest can be recovered.

    *The Evangelisimos,* Swabey, 378, etc.

    The English cases, if not consistent with this rule, cannot now be sustained.

    *The Victor,* Lush. 72, etc.

    Suits for possession stand on a different ground.

    *The John,* 2 Hagg. 317.

*Henry T. Wing* and *E. L. Gove,* for claimants.

*W. Mynders,* for libellants.

CHOATE, D. J.   In this, which is a suit of damage by collision, the claimant of the bark Adolph has had a decree dismissing the libel, with costs, and the libellant has given notice of appeal to the circuit court.   Before the expiration of the 10 days allowed by the practice of the court for the marshal to retain the vessel in his custody, the claimant, on affidavit by his proctor that he is unable to give bond for the value of the vessel, has applied to the court for an order directing the marshal to release the vessel, or in the alternative for an order directing such release, unless the libellants shall give bonds to pay such damages as may be sustained by the claimant by reason of her detention pending the appeal, in case the libel shall be dismissed in the appellate court. The application cannot be granted consistently with the rights of the libellants and the practice of the court.

The arrest of a vessel in a cause of damage which is allowed to a libellant on giving the usual security for costs, is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff, and unless the attachment is *mala fide*, or by such gross negligence as to amount to bad faith, no damages can be recovered for her detention caused by such arrest.   *The Evangelisimos*, Swabey, 378; S. C. 12 Moore's, P. C. C. 358; *The D. S. & Peri*, Lush. 543; *The Strathnaver*, L. R. 1 Ap. Cases, 58; *The Active*, 5 Law Times, (N. S.) 773; *The Amelia*, Moore's, P. C. C.   The English cases in which damages for detention have in similar suits been allowed, are consistent with this rule, or if not cannot now be sustained.   *The Victor*, Lush. 72; *The Margaret Jane*, L. R. 2 Adm. & Ec. 345; *The Cheshire*, Wetch, Bro. & Lush. 362.   Suits for possession stand on a different ground.   They are brought to recover the possession and use of the vessel.   *The John*, 2 Hagg. 317; *The Eliza*, 2 Spinks, 34.

I see no reason why the same principle does not apply to a libellant prosecuting an appeal in the circuit court in good faith.   The decision of the court below is not of that conclusive character that his suit thereafter ceases to be one prosecuted in good faith; he has simply failed to produce evidence

enough to sustain his claim in the judgment of the court, and the law gives him a new trial in an appellate court, and he may there introduce more evidence. This right of appeal would be of no value whatever if the vessel were released because the libel was dismissed below, and the long-accepted practice in the admiralty courts of detaining the vessel in such case, if an appeal is taken, shows clearly that his right to secure his alleged demand by her continued arrest has been always recognized. It seems to me, also, that the Admiralty Rule 11, which secures to a claimant the right to bond a vessel under arrest, and to either party, in proper cases, her sale pending the suit, was designed by the supreme court as giving to the owners of vessels sued for damages all practicable relief against the hardship arising from the exercise of this right of arrest on the part of a libellant proceeding in good faith. And it seems to me that the granting of the relief here asked would, in such a case, be inconsistent with that rule.

In the present case I cannot doubt the good faith of the libellant. The case was by no means so clearly for the claimant on the proofs that the libellant's suit or his appeal can be pronounced frivolous or one prosecuted *mala fide*. If such should appear to be the case, it is unnecessary to determine what relief the court could give the claimant. As it is, this claimant is suffering only the inconvenience and hardship to which all owners of property are liable from the attachment of their goods by due process of law in a suit in which such attachment is permitted. It is unnecsssary to consider whether the proof of claimant's alleged inability to bond the vessel is sufficiently made out for any purpose.