## THE NEVADA.

### THE PORTIA.

### O'MEARA v. THE NEVADA and THE PORTIA.

#### (District Court, E. D. New York. February 28, 1898.)

**1. ADMIRALTY—SUIT IN REM—SALE OF RES.**
A sale of a libeled vessel may be ordered before final decree, on the claimant's motion, when the libelant does not object after due notice, and especially when the claimant is financially responsible and personally liable for all lawful demands against it growing out of the collision in question.

**2. SAME.**
The claimants could obtain no advantage from such a sale, even in case they should institute proceedings for limitation of liability, for the price realized would not establish the vessel's value for that purpose, though it might be some evidence of value.

This was a libel by John O'Meara against the ferryboat Nevada and the steamship Portia to recover for injury to his horse, caused by a collision between the two vessels. The question was heard on a motion by the claimant for an order of sale of the Nevada before final decree. The owner of the Portia opposed the motion, upon the ground that the Portia had been injured in the collision, and that it was such owner's intention to file a libel against the Nevada therefor.

Hobbs & Gifford, for libelant.
Wilcox, Adams & Green, for the Nevada.
Butler, Notman, Joline & Mynderse, for the Portia.

THOMAS, District Judge. A collision between the Nevada and the Portia on January 31, 1898, resulted in an alleged injury to the libelant's horse, carried on the Nevada. The libel was filed against the Nevada and Portia February 16, 1898. The claim of the Brooklyn & New York Ferry Company, as the owner of the Nevada, was filed February 23, 1898. No other proceedings relating to the collision are before the court, save the pending motion made by the claimant for an order to sell the Nevada before final decree. The libelant did not oppose the motion, and thereby consented thereto. Hence no person who has a property interest in the Nevada, or, so far as the records of the court show, who has taken proceedings

against her, opposes the application. This meets the requirements of rule 33, that no sale of the res will be ordered "except on default or by consent of the parties appearing, unless by express order of the court because of the perishing or perishable condition of the res." There is, under rules 10 and 11, no apparent reason for discrimination against the Nevada on such a motion. The Swedish Bark Adolph, 5 Fed. 114, 116. The owner of the res has, until a decree favorable to the libelant, presumptively the entire beneficial interest, while the burden of establishing the libel rests upon the libelant. But in the present instance, the libelant does not oppose the claimant's application. Nor is it apparent that the owner of the Portia would be prejudiced by a sale. Such owner has no present standing in this court suggesting a right to affirmative relief against the Nevada. But the consideration is a most important one, and very influential in the decision of this question, that the Brooklyn & New York Ferry Company is presumptively of large financial responsibility, and quite able to meet all claims against it; and a libel against it in personam is permitted for damages arising from the collision in question. However, should the claimant desire to resort directly to the ship, the proceeds of the sale would be in the registry of the court, standing in the place of the res, and obtainable by proper proceedings.

It is suggested that the Nevada would be sacrificed if sold at the present time. She should bring as large a sum upon a sale under the order directed to be made herein as under a usual marshal's sale after the deterioration incident to her lying at the wharf during the time necessary to dispose of the litigation with reference to her. Nor would the sale of her be of advantage to her owner, should it institute proceedings to limit its liability. Her value for the purposes of that proceeding would not be established by her sale under the order here applied for, although such sale might be some evidence of her value.

It results from the foregoing suggestions that the motion of the claimant should be granted, but the order of sale should provide for a daily publication of the notice of sale for 12 days previous to such sale, in a newspaper published in the borough of Manhattan, and for a like publication in a newspaper published in the borough of Brooklyn, and for a personal service on all persons who have instituted, or within five days of the day of sale shall institute, proceedings in this court against the ship or her owner, on account of such collision, or any matter arising therefrom. The order of sale will be settled on one day's notice.