WATT v. CARGO OF LUMBER.

(Circuit Court of Appeals, Second Circuit.   April 14, 1908.)

No. 158.

1. SHIPPING—BILL OF LADING—RIGHT OF SHIPPER TO DEMAND.

A shipper of goods on a vessel is entitled to a bill of lading therefor as a matter of right; but, where the master claims demurrage for delay in loading, he has the right to give notice of the claim in, or by indorsement upon, such bill, so as to charge a transferee with such notice.

2. SAME—DEMURRAGE—DETENTION OF VESSEL BY LEGAL PROCESS.

A vessel is not entitled to demurrage for the time she is detained by a shipper by virtue of a legal seizure, although on a claim which was unfounded and subsequently dismissed, unless the proceeding was in bad faith or malicious.

[Ed. Note.—Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

Appeal from the District Court of the United States for the Eastern District of New York.

H. W. Goodrich, for appellant.

Conway & Williams (J. Parker Kirlen, Eustace Conway, and John M. Woolsey, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.   August 24, 1905, the schooner Helen M. Atwood, under charter to deliver her cargo at New York, being about to sail from Mobile, the shipper demanded a bill of lading. Section 4 of the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445, [U. S. Comp. St. 1901, p. 2947]) makes the giving of a bill of lading stating certain particulars obligatory in the case of vessels trading between ports of the United States and foreign ports; but by virtue of long-established usage and without any statute a shipper is entitled to a bill of lading.   It is a document of title, represents the goods, and is used commercially as security for advances.

The master, claiming seven days' demurrage during loading, refused to sign a clean bill of lading, but was willing to sign one which incorporated, or by indorsement or otherwise gave notice, of his claim. He was quite within his rights in taking this position, because any transferee of the bill of lading without notice could insist upon delivery of the cargo free of any claim for demurrage.

August 25th the shipper libeled the vessel upon the ground that the master was about to sail away without delivering a bill of lading and so to convert the cargo to his own use.   If the shipper had any right in the premises, it would have been for damages arising from the failure of the master to deliver a bill of lading; e. g., loss of interest on the advances that in the ordinary course of business could have been obtained on it.   We do not think that carrying the cargo to destination in compliance with the charter, of which the shipper was fully advised, could be regarded as a conversion.   It also appears that the shipper admitted that some demurrage was incurred in load-

ing, but denied liability for it on the ground that it was caused by the charterer's inspector, as the court below subsequently found.

The master made no effort to release his vessel, but laid at Mobile until September 12th, when, all parties having come to some arrangement, the vessel was released, proceeded on her voyage, and on arrival in New York the master libeled the cargo for demurrage, but did not allege that the vessel was arrested in bad faith or out of malice. The court below decreed demurrage for 4²/₉ days, but refused to allow any demurrage for the time the vessel was in custody, and the libelant appeals.

The question is whether the shipper's conduct in libeling the vessel was in bad faith or malicious, so as to take the case out of the general rule that detention by virtue of a legal seizure on a claim subsequently dismissed creates no cause of action for damages. The Adolph (D. C.) 5 Fed. 114; Gow v. William W. Brauer Steamship Co. (D. C.) 113 Fed. 672. It will be noticed that the dispute between the master and the shipper was about demurrage, and that they were both wrong; the shipper denying that he was liable for any, and the master claiming 7 days, while the court below found 4²/₉ days. The shipper arrested the vessel, claiming a clean bill of lading, to which he was not entitled; but we do not think that he did so in bad faith or maliciously. The impasse was produced by the obstinacy of both parties.

The decree is affirmed, with costs.