OELWERKE TEUTONIA *v.* ERLANGER ET AL., PARTNERS UNDER THE FIRM NAME OF ERLANGER & GALINGER.

ERLANGER ET AL., PARTNERS UNDER THE FIRM NAME OF ERLANGER & GALINGER, *v.* OELWERKE TEUTONIA.

APPEALS FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

Nos. 162, 181. Submitted January 20, 1919.—Decided February 3, 1919.

A finding that a vessel was abandoned, concurred in by the court of first instance and the Supreme Court of the Philippine Islands, in a salvage case, will be accepted by this court when supported by evidence. P. 524.

Unless there has been some violation of principle or clear mistake, appeals to this court on the amounts allowed for salvage are not encouraged. *Id.*

The right of a speculative salvor is to share in the benefit resulting

from his work; he is not entitled to reimbursement for his actual expenses, but the necessary work as well as the degree of danger should be considered in fixing his allowance. P. 525.

A decree of the Supreme Court of the Philippines allowing 40% of the net value of cargo as salvage, with interest, affirmed.

34 Phil. Rep. 178, affirmed.

THE case is stated in the opinion.

*Mr. Harry W. Van Dyke* for Oelwerke Teutonia. *Mr. Charles E. Cotterill* and *Mr. Edmund W. Van Dyke* were also on the brief:

The plaintiffs ought not to have been held by the court below to have been salvors, but should have been regarded and treated as intruders without warrant—as having seized unlawfully the property of the defendant over its protests and as having wrongfully and unlawfully prevented defendant's agents in Manila from recovering possession of the property for the purpose of saving it through the employment of persons who were at hand, ready, willing and competent to undertake the work. There was no impending peril. 2 Bouvier, Rawle's Rev., "Salvage," and cases cited; *Blackwell* v. *Sancelito Tug Co.*, 10 Wall. 1; *Williamson* v. *The Alphonso*, 30 Fed. Cas. 4, 5; Abbott, Law of Merchant Ships & Seamen, 14th ed., 994.

So far at least as this defendant is concerned, the plaintiffs not only ought to have been denied any award, but they ought to have been mulcted in damages to cover the loss of the jettisoned copra, as well as for the deterioration of the wet copra which was sent to Manila and sold. In any event, if this court should be inclined to agree with the court below in its other conclusions, the award of forty per cent., considering all the circumstances disclosed, was grossly excessive.

*Mr. F. C. Fisher* for Erlanger *et al.:*

This court has jurisdiction and may pass upon all the issues of law and fact presented by the record.

The "Nippon" was a derelict vessel when plaintiffs took possession of her for the purpose of effecting the salvage. Plaintiffs' possession for that purpose was lawful in its inception and was lawfully continued.

The services rendered by plaintiffs as salvors were prompt, skillful, efficient, and successful.

The expenditures incurred by plaintiffs in effecting the salvage operations were properly and necessarily incurred, and were not excessive.

Under the circumstances of the case plaintiffs are entitled to an award sufficient in amount to reimburse them for their expenditures in behalf of defendant and to give them such additional compensation as shall substantially remunerate them for their exertions and the risk incurred, and to interest. *The Edwards*, 12 Fed. Rep. 508; *Hemmenway* v. *Fisher*, 20 How. 255. *The Carl Schurz*, 5 Fed. Cas. 84; *The Adolphe*, 29 Fed. Cas. 1350; *The L. W. Perry*, 71 Fed. Rep. 745, distinguished.

Mr. Justice Holmes delivered the opinion of the court.

These are cross appeals from a judgment on a complaint for salvage of cargo brought by Erlanger & Galinger to which the defendant, Oelwerke Teutonia, answered denying the services and setting up a counterclaim for damages alleged to have been caused by the negligence and incompetence of the plaintiffs. The Court of First Instance found for the plaintiffs and awarded to them one-half of the net proceeds of the property saved. On appeal the Supreme Court of the Philippine Islands, while otherwise confirming the findings of the Court of First Instance, reduced the award to forty per cent. of the main part of the cargo, which was copra, and to twenty per cent. of a small item of agar-agar which does not need further mention. We assume that the plaintiffs receive a corresponding proportion of the interest accruing upon the fund.

The main facts are these. The steamship *Nippon,* loaded principally with copra, went aground on Scarborough Reef, 120 or 130 miles from Luzon, in the afternoon of May 8, 1913. The next day the chief officer and nine of the crew were sent off in the only seaworthy small boat in search of help and on the twelfth reached Santa Cruz, Luzon, and telegraphed to Manila for "immediate assistance for saving crew." Help was sent at once and on the thirteenth the captain and crew went to Hongkong on a mail steamer that stopped for them, the captain preferring to take that course rather than to go to Manila by a coast guard cutter that had been sent to the wreck. On May 14 the plaintiffs chartered a cutter, and took possession of the *Nippon* on the 17th. Shortly after this the work of salvage was begun. It was finished in July when the vessel, the claim for which has been paid, and a great part of the cargo were saved.

There were protests on behalf of interested parties after the plaintiffs had started and it is denied that the vessel was abandoned. But all the earliest communications and circumstances indicate that the only hope when the chief officer left the ship was to save the lives of those left on board, and that there was no greater expectation when the captain was taken off. It is unnecessary to say more about the evidence than that it shows no ground for departing from the usual rule when two courts have agreed about the facts. As the only point of difference with regard to them concerns the amount of salvage allowed, that is the only question upon which we shall say a word.

Unless there has been some violation of principle or clear mistake, appeals to this Court concerning the amount of the allowance are not encouraged. *Hobart* v. *Drogan,* 10 Pet. 108, 119; *Post* v. *Jones,* 19 How. 150, 160. The plaintiffs complain that their expenses were not taken into account or were not given sufficient consideration. But, as was pointed out by the Court below, the

cost was their affair. There was no contract and no request. They went into a speculation and their only claim is a lien upon goods that they have rescued for a share in the saving that they have made for the owners. The right to share in a benefit that is the result of their work is the only ground upon which the plaintiffs can stand. Of course, within that limit the necessary work and the danger are matters to be considered. Here the danger might have been great but it was not, and the work seems to deserve neither much praise nor much blame. There was more of commercial speculation and less of help not to be found elsewhere than is usual in salvage cases, and we are not prepared to say that the Supreme Court ought to have allowed more. We are equally unprepared to say that it should have allowed less. The services were rendered rightfully and were fairly efficient. Neither side would be likely to inspire enthusiasm and both justly may be left where they were left by the Court below.

*Decree affirmed.*