COMPANIA GALEANA, S. A.,
Plaintiff-Appellee,

v.

The MOTOR VESSEL CARIBBEAN MARA, etc., et al.,
Defendants-Appellees,

Captain Antonios Tantoulas, master of S. S. FLORIDA STATE,
Claimant-Appellant.

No. 77–2269
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1978.

Rehearing Denied Feb. 1, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Dionysios Spyronoulas, New York City, for claimant-appellant.

Donald A. Gifford, Tampa, Fla., Brendan P. O'Sullivan, Tampa, Fla., for Compania Galeana, S. A.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

On February 27, 1974, the S.S. FLORIDA STATE, en route from Tampa, Florida, to Tampico, Mexico, sighted the abandoned M/V CARIBBEAN MARA ablaze on the high seas. The FLORIDA STATE's crew boarded the vessel, extinguished the fires, and towed her back to Tampa.

Captain Antonios Tantoulas, the master of the FLORIDA STATE, appeals a court-approved salvage settlement, contending that the settlement, having been approved without his consent, is not binding upon him; that the settlement, the crew's allotment, and his share are inadequate; and that his attorney should have been awarded a fee. The appellant having failed to submit any evidence or to contest the settlement in the district court, his attorney having done nothing but file an appearance, we affirm.

Almost a year after the salvage, the owner of the FLORIDA STATE (Compania Galeana, S.A.) filed a complaint *in rem* in the district court against the CARIBBEAN MARA and her cargo. Both the vessel and the cargo filed answers.

On July 2, 1976, the district court approved a $10,000 settlement between Galeana and the vessel, leaving open the cargo claim. On the same day an attorney for Captain Tantoulas, the master of the FLORIDA STATE, filed a document entitled, "Notice of Appearance for Claimant to the Res," which simply requested the clerk to enter the attorney's appearance in the case. This notice was the only document filed by Captain Tantoulas in this case through the date of trial.

The cargo case was scheduled to go to trial during the week beginning February 14, 1977. A copy of the trial order was sent to Captain Tantoulas' attorney. Subsequently, Galeana and the cargo negotiated a settlement. A copy of the motion for approval was mailed to Captain Tantoulas' attorney on February 15.

The motion was heard on February 28. Neither Captain Tantoulas nor his attorney appeared. The settlement was argued and approved. On March 4 the district court ordered that the portion of the settlement fund awarded to the master, officers, and crew of the FLORIDA STATE be proportionally distributed according to monthly base wage. Captain Tantoulas thereupon appealed.

 A salvage settlement between the salvor shipowner and the owners of the salved vessel and cargo cannot bind the salvor crew without their consent. *The Neptune*, 277 F. 230, 232 (2d Cir. 1921); *Sobonis v. Steam Tanker National Defender*, 298 F.Supp. 631, 637–638 (S.D.N.Y.1969). Captain Tantoulas, however, was aware of the settlement several days before its approval. He does not allege that he was unaware of the settlement's terms or the fact that it included his claim. Yet he neither filed an objection to the settlement nor appeared at the hearing to oppose it. From the record it does not appear that either Captain Tantoulas or his attorney was dissatisfied with the settlement until the release of the district court's March 4 order. The district court has never yet been informed that the Captain did not consent to the settlement. Under these circumstances, there appears to have been passive approval of the settlement which would prevent Captain Tantoulas from attacking the order approving it on the ground that he had not consented.

In any event, appellate courts will not disturb a salvage award unless it is based on erroneous principles or a misapprehension of the facts or is so grossly excessive or inadequate as to be deemed an abuse of discretion. *Oelwerke Teutonia v. Erlanger*, 248 U.S. 521, 39 S.Ct. 180, 63 L.Ed. 399 (1919); Norris, *The Law of Salvage*, § 311, at 464 (1958); 1 Norris, *The Law of Seamen* § 235, at 315 (3d ed. 1976).

Appellant makes no showing on this record that any of these standards has been violated. The proportional distribution based on the wages of each crew member is a generally accepted means of distributing a salvage award fairly. Norris, *The Law of Salvage* § 284, at 430–431 (1958).

The granting of attorney's fees is discretionary in admiralty actions, *see Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and in salvage cases specifically, *Conolly v. S.S. Karina II*, 302 F.Supp. 675 (E.D.N.Y.1969). Since the record reveals that counsel for appellant filed no pleadings and did not participate in the trial, there is no basis for finding an abuse of discretion in failing to award attorney's fees to appellant's counsel.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.