Lewis F. STEVENS and Elvira B. Stevens, Plaintiffs-Appellants,

v.

F/V BONNIE DOON, her engines, machinery, tackle, etc.; Gene Koblick, an individual, Defendants-Appellees.

No. 80-4175.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1981.

Decided Sept. 4, 1981.

Stanley L. Gibson, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for plaintiffs-appellants.

Richard E. Damon, Santa Cruz, Cal., for defendants-appellees.

Before MERRILL and FARRIS, Circuit Judges, and RICHEY,* District Judge.

MERRILL, Circuit Judge:

In the early morning hours of August 6, 1978, 55 miles southwest of San Nicholas Island in the Pacific Ocean, appellant Lewis F. Stevens's boat, the Carolyn F, and appellee Eugene Koblick's boat, the Bonnie Doon, collided bow to bow. At the time of the collision both vessels were fishing on a calm sea; visibility was excellent. Each vessel suffered serious hull and equipment damage as a result of the accident. Appellant brought an admiralty-maritime action in rem against the vessel Bonnie Doon and in personam against its owner, appellee Eugene Koblick, to recover for lost profits and property damage, and arrested the boat as security for judgment. Appellee cross-claimed for damages. At a bench trial, the

* Honorable Mary Anne Richey, United States District Judge of the District of Arizona, sitting by designation.

court found that the collision was caused by appellant's failure to observe that the Bonnie Doon had previously crossed his vessel's bow and his failure to honor appellee's "fishing circle." In addition, both parties were found to have been negligent in failing to post a look-out as required by Rule 5, International Regulations for Preventing Collisions at Sea, following 33 U.S.C. § 1602. Upon these findings, the court apportioned 70 percent of the fault to appellant and 30 percent to appellee. Damages were awarded proportionately. This appeal followed.

Appellant assigns error in the apportionment of fault, the amount awarded appellant in damages, the amount awarded appellee in damages, and the court's refusal to award costs to either party. We affirm in part, reverse in part, and remand for further proceedings.

### 1. Apportionment of Fault

■ At trial, the court heard testimony on the custom of "fishing circles"—a pattern of movement followed by a fishing vessel when it finds a school of fish. Other vessels, aware that the crew of the circling vessel is pulling in fish and probably has reduced the vigilance of its lookout, customarily honor the circle and steer clear of the circling vessel. The findings of fact were to the effect that such a custom existed and that appellee was in a fishing circle at the time of the collision. Appellant argues that as a matter of law the court should not have considered industry custom when it apportioned fault because such evidence in effect lessened appellee's statutory obligation to keep a look-out posted at all times as required by Rule 5.[1] We disagree.

To have exonerated appellee completely and solely on the basis of this custom would have been contrary to the explicit language of Rule 5. But it is clear that the trial judge did not do this. It was for failure to keep a look-out posted that appellee was

held 30 percent at fault. The fact that appellee was circling at the time of the collision was merely one aspect considered by the judge in apportioning fault. Evidence of custom can be used to support a finding of negligence in collisions at sea, see, e. g., Darling v. Scheimer, 444 F.2d 514 (9th Cir. 1977), so long as it does not completely contradict a statutory rule of navigation. See Gilmore and Black, The Law of Admiralty 489 (2d ed. 1975). On this record, use of custom was not an error of law. We affirm the apportionment of fault.

### 2. Appellant's Damages

■ Appellant spent $40,000 to repair his vessel after the collision. The trial judge found that appellant's proven damages for "reasonable repairs" amounted to only $20,000. Appellant asserts that in order for the judge to have awarded only $20,000 he must have believed erroneously that the law requires that the lowest bid received must set the ceiling for a damage award. We disagree with that interpretation of the record.

Appellant can point to nothing in the record to indicate that the trial judge thought he was so limited. "Reasonable repairs," the term used by the judge in his findings, cannot be said to imply "lowest bid." The judge simply found that $20,000 was reasonable compensation for the damage suffered and we cannot say on this record that he was clearly erroneous. Here, appellant had ample time following the collision to seek out various bids. Indeed, he did just that, and received estimates ranging from $15,000 to $40,000. Although the range of what constitutes reasonableness might be wider when repairs must be made under emergency conditions, see Jones v. Bender Welding & Machine Works, Inc., 581 F.2d 1331, 1337 (9th Cir. 1978), that was not the situation in this case. We affirm the allowance of $20,000 damages for repair.

---

1. Rule 5 provides:

"Every vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the

prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision."

### 3. Appellee's Damages

A. *Lost Profits*—The trial court found that appellee suffered $55,000 in lost profits from the collision. (Because he was found to have been 30 percent at fault for the accident, he was awarded only 70 percent of that amount.)

The record shows that appellee made temporary repairs to the Bonnie Doon after the accident on August 6, 1978, and was then able to take the boat out fishing. His lost profits are the result of the arrest of his boat as security for judgment and its detention for 19 months. Since appellee was insolvent, he could not secure the boat's release, nor was he able to insure the boat for the amount appellant required before he would agree to release of the boat.

■ Appellant contends that the court erred in awarding appellee any lost profits, since it was the lawful seizure and detention of appellee's vessel pursuant to a valid maritime lien and not the collision that was the proximate cause of appellee's lost profits. We agree. Appellant cannot be held liable for loss of profits resulting from having validly invoked judicial process by securing appellee's vessel.

> "The arrest of a vessel in admiralty 'is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff, and unless the attachment is mala fide, or by such gross negligence as to amount to bad faith, no damages can be recovered for * * * detention caused by such arrest.'"

*The Swedish Bark Adolph*, 5 F. 114 (S.D.N.Y.1880).

Here, appellee does not contend that appellant acted maliciously or in bad faith, or that there was defect in the execution of the writ. This was not a tortious detention of appellee's vessel. The award for lost profits was error.

B. *Damage to Appellee's Vessel*—Appellee was awarded $21,793.35 "for reasonable repairs to the Bonnie Doon." He spent approximately $1,787 for temporary repairs immediately after the collision, which was enough to make the vessel seaworthy. He was told by the boat shop at that time that approximately $5,000 more would be required to make necessary permanent repairs. In February, 1980, after the vessel had been detained for about one and a half years, appellee received an estimate that approximately $20,000 would be required to put the boat back in working order. (This included the $5,000 estimate appellee obtained earlier for refastening the bottom of the boat.) Appellant contends that appellee's damage award should be reduced to approximately $6,787, since appellant should not be held liable for damage resulting from deterioration during the boat's detention.

■ We agree that damages resulting from deterioration of the boat during its period of lawful detention cannot be recovered for the same reason that loss of profits due to detention cannot be recovered. However, we have no way of knowing whether the district court erroneously included such damages in its award of $21,793.35. A remand for further proceedings and findings in this regard is thus necessary.

■ C. *Prejudgment Interest*—Both parties were awarded prejudgment interest for their proven damages. In this circuit, prejudgment interest is generally awarded on money expended in repairing or replacing vessels. *Alkmeon Naviera, S. A. v. M/V Marina L*, 633 F.2d 789, 797 (9th Cir. 1980). Here, however, appellant contends that appellee should not have been awarded interest on estimated costs of repairing his boat that he had yet to expend. We agree.

As noted in *Alkmeon, supra*, " * * * in admiralty collisions, prejudgment interest is an element of compensation and not a penalty." *Id.* at 797. To award interest on unspent amounts does more than compensate one party for his losses; it serves also to penalize the other by making him liable for interest to one who has had full use of his money.

We conclude therefore that appellee is entitled to prejudgment interest only on the

approximately $1,787 he actually spent to repair the boat. If on remand appellee is found to be entitled to an additional sum for damages from the collision, he is not entitled to prejudgment interest on that as yet unexpended amount.

4. *Costs*

 Appellant assigns as error the district court's decision not to award costs. The decision to award costs is left to the discretion of the judge. *See* Fed.R.Civ.P. 54(d). In admiralty in particular, the court has wide latitude in making this decision, especially if it is felt that making such an award would produce injustice. *See A. L. Holden v. S. S. Kendall Fish*, 395 F.2d 910, 913 (5th Cir. 1958). To award costs to appellant in this case would require appellee not only to suffer the loss caused by the seizure and detention of his boat, but also to pay for the cost of taking those steps. We cannot say that it was abuse of discretion to require each party to pay its own costs.

On the issues of apportionment of fault, appellant's damage award, and awarding of costs, the judgment of the district court is affirmed. On the issues of appellee's lost profits and the award of prejudgment interest for unexpended amounts, the judgment is reversed. On the issue of damage to appellee's boat, judgment is reversed and the case is remanded for a determination of the extent of damage due to the collision itself rather than to subsequent deterioration. Each party shall bear his own costs on appeal.