962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 RAINIER NATIONAL BANK, a national banking association with
principal place of business in the State of
Washington, as Trustee, Plaintiff-Appellee,
v.
O/S GEORGEANN, Official No. 567631, her engines, boilers,
etc., Defendant,
and
Baggen Tug & Barge Co., Inc., an Alaska corporation; Samson
Tug & Barge Co., Inc., an Alaska corporation,
Defendants-Appellants.
BAGGEN TUG & BARGE CO., INC.; Samson Tug & Barge Co., Inc.,
Plaintiffs-Appellants,
v.
RAINIER NATIONAL BANK, Defendant-Appellee,
and
Leonard T. CAMPBELL; Campbell Towing Co., Inc., Defendants.
 
 Nos. 91-35284, 90-35626.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1992.
Decided April 29, 1992.
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In Rainier National Bank v. O/S Georgeann and Baggen Tug & Barge, No. 90-35626 (the "Foreclosure Case"), plaintiff-appellee Rainier National Bank, holder of a promissory note secured by a First Preferred Ship Mortgage on the tug O/S Georgeann, sued defendants-appellants Baggen Tug & Barge and Samson Tug & Barge to collect on the note and to foreclose on the mortgage. Appellants asserted defenses, claimed a setoff and sought affirmative relief all based on claims against a non-party, Alaska Pulp Company, the beneficiary for whom the Bank held the note and mortgage as trustee. The district court rejected these defenses and granted the Bank's motion for summary judgment. The court ordered the arrest and sale of the tug and ultimately entered a deficiency judgment against the appellant.
 
 
 3
 Following the arrest of the tug, the district court ordered it transferred from the custody of the U.S. Marshals to a substitute custodian, Campbell Towing, nominated by the Bank. Appellants did not oppose the move. The tug allegedly suffered serious damage while in Campbell's possession and appellants sued the Bank as well as Campbell to recover some of the value lost. The district court granted summary judgment in favor of the Bank and the former tug owners appealed. Baggen Tug & Barge Co. v. Rainier Nat'l Bank, No. 91-35284 (the "Custody Case"). The two cases have now been consolidated.
 
 
 4
 In the Foreclosure Case, the appellants ask us to review the deficiency judgment. Appellee Rainier Bank initially challenges our jurisdiction, claiming that appellants should have perfected a timely appeal from the decree of foreclosure and order of arrest and sale. The appellants state that they do not seek to set aside the sale of the vessel but challenge the amount of the deficiency judgment. They claim that they are entitled to set off against that judgment amounts owed to them by APC under the terms of a 1974 oral agreement between appellants and APC. We conclude that, because a timely appeal was perfected from the deficiency judgment, we have jurisdiction to review that judgment, though not the previously accomplished foreclosure and sale.
 
 
 5
 According to appellants, Samson Tug & Barge Company in 1974 agreed with Alaska Pulp Company that Samson would build an ocean-going tug and that APC would loan the construction funds to Samson at no interest. The loan was to be repaid by Samson out of the proceeds of Samson's employment by APC, which was to be at rates sufficient to provide for the operating costs of the tug, debt retirement and a net profit to Samson. The terms of the original agreement were oral, and for purposes of this summary judgment review, we assume the appellants' contentions with respect to it are true.
 
 
 6
 Appellants' principal contention in this appeal is that APC breached the terms of that oral agreement by ceasing to employ the tug. As a result, appellants were unable to repay the loan. They seek to set off their claimed loss of revenue as a result of the breach against the deficiency judgment entered following their default.
 
 
 7
 The difficulty with the appellants' position is that in August of 1975, Rainier Bank, APC and appellants each entered into a written contractual arrangement pursuant to which appellants agreed to repay the loan at ten percent annual interest rate to Rainier Bank. The loan was to be secured by a mortgage which the bank held (together with appellants' promissory note) as trustee for APC. APC as a non-citizen could not itself be a holder of a first preferred ship mortgage under the Ship Mortgage Act, 46 U.S.C. §§ 911-84 (West 1974), repealed, Pub.L. No. 100-710 § 106(b)(2), Nov. 23, 1988. These documents are silent as to any conditions on loan repayment or duty on APC's part to employ the tug.
 
 
 8
 The promissory note, which was a part of that overall contractual arrangement, expressly provided that "[t]his contract is to be construed in all respects and enforced according to the laws of the State of Washington." Under Washington law, parol evidence cannot be utilized to alter or add to the provisions of a written agreement such as the one executed by the parties in this case. Swanson v. Liquid Air Corp., 118 Wash.2d 512 (1992) ("[E]xtrinsic evidence is not admissible to subtract from, vary, or contradict written contracts which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake."). Nor can the provisions of a written contract be avoided by promissory estoppel since Washington does not recognize the rule set out in Restatement (Second) of Contracts § 139(1). See Family Medical Bldg., Inc. v. Washington State Dept. of Social & Health Serv., 104 Wash.2d 105, 702 P.2d 459, 462-63 (1985). Because the written contract contains the express provision that it is to be construed pursuant to Washington law, appellants may not now vary, add to or contradict that contract based upon oral understandings.
 
 
 9
 In its attempt to prevail in this appeal, appellant contends that the oral agreement on which it relies represents an entirely different transaction from the one memorialized by the promissory note, mortgage, loan agreement and trust agreement. Yet the written instruments on their face represent the parties' understanding of how the very transaction that was the subject of the alleged oral contract was to be implemented. On the facts alleged, the oral contract is not sufficiently independent of the obligation to repay embodied in these documents to avoid the bar on parol evidence.
 
 
 10
 Appellants also contend that the written contract is invalid because they were forced to enter into it under duress. The facts alleged, however, prove no more than that appellants may have been in an inferior bargaining position, not that they were forced or coerced by the acts of APC to contract against their will. Cf. Puget Sound Power & Light Company v. Shulman, 84 Wash.2d 433, 526 P.2d 1210, 1216 (1974).
 
 
 11
 Finally, in the Custody Case, appellants ask that the Bank be held liable for any damage caused to the tug while it was in the possession of the court-appointed custodian. The district court properly concluded that the Bank is not liable for such damage. As this court held in Stevens v. F/V Bonnie Doon, 655 F.2d 206, 209 (9th Cir.1981), losses due to "deterioration of the boat during its period of lawful detention" cannot properly be recovered from the arresting creditor who has neither control over nor responsibility for the vessel. The district court correctly determined that the Keenholts declaration, upon which appellants rely to establish the Bank's liability, fails to raise a triable issue as to whether the Bank acted improperly in its nomination of Campbell as substitute custodian.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3