8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BANK OF AMERICA N.T. & S.A., Plaintiff-Counter-Defendant-Appellee,
v.
Patrick R. McMAHON, and Kathleen (INDA) McMahon,
Defendants-Counter-Claimants-Appellants.
BANK OF AMERICA N.T. & S.A., Plaintiff-Counter-Defendant-Appellant,
v.
Patrick R. McMAHON, and Kathleen (Inda) McMahon,
Defendant-Counter-Claimant-Appellees.
 Nos. 92-15758, 92-15759.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1993.
Decided Sept. 21, 1993.
 
 Before: KOZINSKI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. BANK'S SUMMARY JUDGMENT MOTION
 A. Waiver
 
 2
 The McMahons claim that they are relieved of their obligation to pay the mortgage debt because Fay DeJesus told Patrick McMahon during a telephone conversation that if he made an immediate payment on November 19 or 20, 1986, the account would not be sent to "collections." Accordingly, they contend that the Bank "waived" its right to collect the debt. We disagree.
 
 
 3
 It is true that the Bank "lost" the November 20th payment and failed to record that installment. It is also true that the account was thereafter sent to the loan adjustment department. However, the November 20th payment covered only the August installment. At the time that payment was made, the McMahons' account was still due and owing for the September, October and November installments. Therefore, the Bank had the right to perform its internal accounting procedure by sending the loan to the adjustment department and charging off a portion of that loan. Moreover, the Bank did not accelerate the loan at that time, although the McMahons were in default and it had the right to do so under the terms of the mortgage and note.
 
 
 4
 Even if the Bank somehow "waived" its right to perform an internal accounting procedure, it did not waive its right to accelerate the loan at a future date. The promissory note specifically provided that if default occurred and the Bank did not accelerate and require immediate payment of the balance of the loan, the Bank would still have the right to do so if default occurred at a later time. The McMahons were in default again on November 1, 1988, when the Bank finally did accelerate the loan.
 
 B. Negligence
 
 5
 The McMahons next contend that because the Bank mishandled their account, they are relieved of liability. Although the Bank failed to record the November 20, 1986, payment, its mishandling of the account as to that one monthly payment in 1986 does not change the fact that the McMahons were in default in 1988.[1] Nor did it impair the Bank's right to accelerate.
 
 
 6
 The McMahons also argue that the Bank improperly obtained duplicate insurance and that when they were in default in September and October, 1986, it was because they were "protesting" the additional insurance premium. This argument lacks merit. Even assuming that the Bank improperly obtained duplicate insurance, the Bank did not accelerate the loan in 1986 when the McMahons were "protesting" the added insurance premium. When the Bank accelerated the loan in November, 1988, the McMahons had fallen into default again and the Bank was not charging them additional premiums. Therefore, they were no longer "in protest" when the default, which resulted in this action, occurred.
 
 
 7
 C. Mitigation of Damages/Commercially Reasonable Sale
 
 
 8
 We reject the McMahons' contention that the Bank is not entitled to recover the full amount awarded by the district court because it failed to mitigate damages. In Stevens v. F/V Bonnie Doon, 655 F.2d 206 (9th Cir.1981), we held that the plaintiffs' recovery should not be reduced as a result of any deterioration that occurred during the boat's eighteen-month lawful detention. Id. at 209 ("[D]amages resulting from deterioration of the boat during its period of lawful detention cannot be recovered for the same reason that lost profits due to detention cannot be recovered.").
 
 
 9
 This principle applies with equal force in the present case. The McMahons are attempting to reduce the Bank's recovery to reflect the deterioration which occurred during The Lady Kathleen's lawful detention. As the district court found, deterioration of the idle boat was mainly the result of the McMahons' own delay. Accordingly, the district court properly refused to reduce the Bank's recovery for deterioration resulting from the boat's lawful detention.
 
 
 10
 The McMahons also argue that the foreclosure sale was not commercially reasonable. We conclude that the McMahons waived this claim by failing to object to the sale pursuant to Local Admiralty Rule 610-14(c) for the Northern District of California which provides that "[i]f within three days ... no written objection is filed, the sale shall stand confirmed as of course, without the necessity of any affirmative action thereon by the court...." See Redwood Empire Prod. Credit Assoc. v. O/S Coos Bay, 776 F.2d 876 (9th Cir.1986). In Redwood, we held that a foreclosure sale on a preferred ship mortgage was confirmed as a matter of law, and thus not subject to collateral attack seventeen months after confirmation, because the defendants failed to object within the time provided by the local Admiralty Rule. Id. at 877.
 
 
 11
 Similarly, in this case, no objection was made until the McMahons opposed the Bank's summary judgment motion in January, 1992, approximately seventeen months after the sale. The McMahons could have prevented confirmation of the sale as a matter of law by objecting within the limit provided by the rule. See id. Because no timely objection was made to the sale, the district court properly rejected the McMahons' untimely objection. See id.
 
 II. McMAHONS' SUMMARY JUDGMENT MOTION
 A. Negligence
 1. Fair Credit Reporting Act
 
 12
 The McMahons contend that the Bank violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq, when it willfully and maliciously reported the charge-off to credit reporting agencies. The McMahons waived this issue.
 
 
 13
 We will not reverse a district court on the basis of a theory not raised below. Image Technical Serv., Inc. v. Eastman Kodak Co., 903 F.2d 612, 615 n. 1 (9th Cir.1990) (issue waived when party fails to raise issue in response to defendant's summary judgment motion), aff'd, 112 S.Ct. 2072 (1992); see also Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 546 n. 15 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 14
 The McMahons did not raise this specific FCRA claim in the district court. In their counterclaim, the McMahons alleged that the Bank negligently reported the charge-off; in their points and authorities in support of summary judgment, they argued that the Bank erroneously charged-off the loan. Nowhere during the proceedings in the district court did the McMahons contend that the Bank violated the specific provisions of FCRA. Rather, their claim appeared to be based upon a general negligence theory. The first mention of FCRA is in the Bank's opposition to the McMahons' motion for summary judgment, presumably in an attempt to foreclose potential argument on that issue. It is only in the McMahons' opening brief to this court that they raise the issue of a FCRA violation. Hence, because the McMahons did not give the district court an opportunity to rule on this claim, we deem it waived.
 
 2. Insurance
 
 15
 The McMahons have been compensated for any injury they suffered as a result of the Bank obtaining duplicate insurance. The Bank refunded a portion of the premium charged to their account ($1,790) and the district court denied the Bank's recovery of the remaining amount ($1,407). Therefore, because they have not shown any other damages proximately caused by the duplicate insurance, the district court properly dismissed the negligence claim as it pertained to the insurance issue.
 
 
 16
 3. Failure to Credit November, 1986, Payment
 
 
 17
 It is beyond dispute that the Bank failed to properly credit the McMahons' account when they made the August, 1986, installment in November, 1986. However, as noted above, their account was still due and owing for the September, October and November installments and the Bank did not accelerate the loan at that time. The McMahons have not established any damages caused by the Bank's mishandling of their August installment.
 
 4. Statute of Limitations
 
 18
 Although it is not clear from the record that the district court relied upon the statute of limitations in dismissing the McMahons' counterclaims, we need not reverse the judgment. Even assuming that the district court did rely upon the statute of limitations, and that such reliance was improper, we may consider any ground supported in the record in affirming the summary judgment ruling, Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1556 (9th Cir.1991), even if the district court relied upon an impermissible ground or incorrect reasoning. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). As noted in the previous sections, the record supports alternative grounds for affirming the district court's denial of the McMahons' motion for summary judgment and dismissal of their counterclaim.
 
 
 19
 B. Implied Covenant of Good Faith and Fair Dealing
 
 
 20
 There is an implied covenant of good faith and fair dealing in every contract. Vale v. Union Bank, 151 Cal.Rptr. 784, 787 (1979). However, the covenant of good faith and fair dealing is not breached when a lender takes a "hard line" in loan repayment negotiations. Price v. Wells Fargo Bank, 261 Cal.Rptr. 735, 742 (Cal.App. 1 Dist.1989). "Contracts are enforceable at law according to their terms." Id.
 
 
 21
 Similarly, in the present case, the Bank did not breach the implied covenant of good faith and fair dealing; rather, it merely sought to enforce the agreement according to its terms. The Bank was patient in its dealings with the McMahons and gave them every opportunity to comply with the terms of the contract. The Bank did not accelerate the loan until 1988 following several years of late and missed payments.
 
 III. BANK'S ATTORNEYS' FEES CLAIM
 
 22
 An award of attorneys' fees is within the discretion of the district court and will not be disturbed unless the district court has abused its discretion. Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir.1984).
 
 
 23
 Both the promissory note and preferred ship mortgage permit recovery of attorneys' fees incurred as a result of the Bank's collection efforts. The district court judge made the following statements when he reduced the attorneys' fee award from $39,911.05 to $20,000:
 
 
 24
 I don't fault the Bank for the expenditure of that quantity of time, because obviously this has been a difficult credit, and Mr. McMahon has been asserting rights, rightly or wrongly, quite vigorously over a period of time. But still, in looking at the amount involved, and the length of time, and the fact that Mr. McMahon is in pro per, I am making that reduction.
 
 
 25
 From these statements, we cannot determine whether the district court properly exercised its discretion in reducing the attorneys' fees award. The fact that the McMahons were in pro per would not justify a reduction of the fee award. Nor would the amount involved justify a reduction, unless the attorneys' services were improper in relation to the size of the debt. We do not understand the court's reference to "the length of time." Therefore, we remand to permit the court to explain more fully the reasons for its reduction of the Bank's attorneys' fees.
 
 IV. McMAHONS' REQUEST FOR ATTORNEYS' FEES
 
 26
 The McMahons seek attorneys' fees on appeal. They raised this claim in their reply brief and base this request upon terms of the "loan agreement." Neither the provisions of the promissory note nor the mortgage permit the McMahons to obtain attorneys' fees. Notwithstanding the fact that the McMahons' have not stated an appropriate basis for their attorneys' fee request, they waived this claim because they failed to include in their opening brief a short statement of authority. See Circuit Rule 39-1.6.
 
 
 27
 AFFIRMED in part; order setting attorneys' fees VACATED and REMANDED for further proceedings. When the district court sets fees for proceedings in that court, it shall also set a reasonable fee for the Bank's efforts in this court, and enter an amended judgment.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court has considered the McMahons' Supplemental Letter Brief and the Bank's Reply thereto. As the Bank points out, whether there existed a genuine issue of material fact as to a second lost payment for July, 1986, was not raised before the district court. Accordingly, we decline to consider this issue on appeal