**INTEROCEAN SHIPS, INC., a Delaware corporation, Plaintiff**

**v.**

**SAMOA GASES, a corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

September 23, 1994

Before RICHMOND, Associate Justice, and TAUANU`u, Chief Associate Judge.

Counsel: For Plaintiff, William H. Reardon
 For Defendant, Arthur Ripley, Jr.

Order on Application for Costs:

On July 22, 1994, plaintiff Interocean Ships, Inc. ("Interocean") submitted a memorandum of costs pursuant to T.C.R.C.P. 54(d). In this memorandum, Interocean requested a total of $36,006.75 for the filing fee, witness fees, depositions, expert witness fees and trial exhibits, associated with this action but not claimed and, in the court's Opinion and Decision of May 2, 1994, denied. Interocean submitted numerous, if convoluted, exhibits in proof of these claims.

On September 21, 1994, defendant Samoa Gases ("Samoa Gases") submitted a memorandum in opposition to these costs, claiming that witness fees and deposition expenses should have been approved prior to expenditures, and that attorney travel expenses and expert witness fees are not taxable.

This court has wide discretion in allowance of various cost awards in

5

admiralty. *Compania Galeana, S.A. v. Motor Vessel Caribbean Mara*, 565 F.2d 358, 360 (9th Cir. 1978); *Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322, 1329 (9th Cir. 1981). In this case, Samoa Gases' objections as to the costs submitted by Interocean must fail. Not only is such an award within our discretion, but also Samoa Gases has submitted no admiralty cases in support of its argument.

In our previously issued decision on damages, we assessed the comparative liability of Interocean, Samoa Gases and two product suppliers, PRI and Radiator Specialty, as follows:[1]

> Radiator Specialty--0%
> PRI--1%
> Samoa Gases--4%
> Interocean--95%

In our discretion, we grant Interocean's application for costs using the same percentage of comparative liability. "In admiralty in particular, the court has wide latitude in [awarding costs], especially if it is felt that making such an award would produce injustice." *Stevens v. F/V Bonnie Doon*, 655 F.2d 206, 210 (9th Cir. 1981), *appeal after remand* 731 F.2d 1433 (9th Cir. 1984).

Interocean is entitled to receive 4% of their allowed costs from Samoa Gases, the same percentage allowed them in all claims in which they prevailed. Therefore, Samoa Gases is liable to Interocean, for costs, in the amount of $1,440.27.

It is so ordered.

---

[1] Although we are utilizing the percentages of liability assessed to settling non-parties (PRI and Radiator Specialty), we again note that we are disregarding any actual dollar amounts paid by these parties in settlement.