**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EQUATORIAL MARINE FUEL
MANAGEMENT SERVICES PTE LTD.,

        Plaintiff - Appellee,

   v.

MISC BERHAD,

        Defendant - Appellant.

No. 10-55688

D.C. No. 2:08-cv-07756-VBF-CT

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

    MISC Berhad appeals the district court's denial of its motion for damages,

costs and fees resulting from wrongful attachment of its vessel by Equatorial

Marine. The facts regarding the vessel's attachment are set forth in our prior

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

opinion. *Equatorial Marine Fuel Mgmt. Servs. Pte Ltd. v. MISC Berhad*, 591 F.3d 1208 (9th Cir. 2010). We reverse and remand.

A vessel owner can recover damages for wrongful attachment by establishing bad faith, malice or gross negligence. *See Stevens v. F/V Bonnie Doon*, 655 F.2d 206, 209 (9th Cir. 1981). Bad faith also supports the equitable recovery of attorney fees and costs in admiralty cases. *See Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002). We review the district court's bad faith finding for clear error. *Id.* at 635–36.

The district court clearly erred by finding that Equatorial acted in good faith when it attached the vessel. As the district court found, Equatorial knew or should have known that MISC had contracted with Market Asia Link, and that Market Asia Link, not MISC, was liable to Equatorial for the fuel. Before Equatorial verified and filed the complaint, MISC directly notified Equatorial by email that MISC had contracted with and paid Market Asia Link, and that Market Asia Link would be paying its contractors. Yet, Equatorial sued MISC anyway and wrongly attached its vessel.

Equatorial's Supplemental Rule B verified complaint contained allegations that were not true, specifically: (1) that the parties had entered into a contract; (2) that MISC had agreed to pay Equatorial for the fuel; (3) that MISC had agreed to

2

Equatorial's "terms and conditions;" and (4) that Equatorial was entitled to invoice and had invoiced MISC for the fuel. Instead of attaching the operative contract with Market Asia Link, Equatorial attached contract terms and conditions not agreed to by MISC, and inaccurately represented the attached document to be its contract with MISC.

Equatorial's belated assertion that it thought that Market Asia Link was MISC's agent is not persuasive. In addition, Equatorial's claim that it requested that MISC provide the MISC contracts and proof that MISC had paid Market Asia Link before November 24, 2008 is not supported by the record. Moreover, Equatorial falsely asserted to this court in its prior appeal that it had no knowledge of Market Asia Link's involvement until after it attached the vessel. Equatorial's own documents establish that this assertion was false.

REVERSED AND REMANDED.